**David Bernard BOOKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–741–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 19, 1986.

Rehearing Denied July 3, 1986.

Gerald B. Scheve, Walter Boyd, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., James Michael Anderson, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, David Bernard Booker, appeals from two judgments of conviction for the felony offenses of aggravated robbery enhanced by a prior felony conviction. A two-count indictment accused appellant of the aggravated robbery of Betty and Sidney Rinkoff. Each count included an enhancement paragraph alleging a prior felony conviction. Appellant entered pleas of not guilty. The jury found appellant guilty of both counts and, finding the enhancement paragraphs of the indictment true, sentenced him to sixty years confinement in the Texas Department of Corrections on each count. We affirm.

Appellant brings four grounds of error on appeal. In the first ground of error appellant asserts that there was insufficient evidence to support the verdict that the knife in question was capable of causing serious bodily injury or death. In his second ground of error appellant asserts that the written charge to the jury contains fundamental error in that it failed to charge on an essential element of aggravated robbery, thereby depriving him of his right to a fair trial. In his third ground of error appellant asserts that the conviction must be set aside because of prejudicial argument by the prosecutor improperly urging the jury to cumulate the sentences. In his fourth ground of error appellant asserts that the trial court was without jurisdiction to impose judgments of conviction under both counts of the indictment.

On June 2, 1984 around 6:00 p.m., the complainants, Sidney Rinkoff, age 72, and his wife Betty were looking in the window of an ice cream parlor in a shopping center on South Post Oak Road in Houston. Appellant ran up and grabbed Mrs. Rinkoff around the neck. Appellant had a knife in his hand and said to Mr. Rinkoff, "Give me your billfold or I'll kill you." Appellant was standing just a little beyond arm's length from Mr. Rinkoff, causing Mr. Rinkoff to rear back to avoid the blade of the knife. Mr. Rinkoff said he was afraid for his own life as well as his wife's. Mr. Rinkoff refused to give appellant his wallet. He explained: "I wanted him to release my wife first, and he wouldn't do that, so I continued to make an effort to get a hold of him." The men circled around and appellant swung his knife at Mr. Rinkoff seven times while maintaining a choking grasp on Mrs. Rinkoff's neck. When appellant realized that Mr. Rinkoff would not give up his wallet, appellant grabbed Mrs. Rinkoff's purse from under her arm and threw her to the ground. Appellant grabbed a sheet of heavy plastic off the ground and threw it over Mr. Rinkoff, then ran away. Mr. Rinkoff tried to pursue appellant but was no match for him in a footrace.

Thirty minutes after the robbery appellant was brought back to the scene by Houston Police officers. Mr. Rinkoff positively identified appellant as the perpetrator. Mrs. Rinkoff gave a similar description of the crime, but she never had an

opportunity to get a good look at appellant's face.

In his first ground of error appellant asserts that there was insufficient evidence to support the verdict that the knife in question was capable of causing serious bodily injury or death and therefore a deadly weapon as alleged in the indictment.

■ A knife is not a deadly weapon per se, however, a knife may be found to constitute a deadly weapon even when it is not used to cause death or serious bodily injury. In fact, no injury to the victim is necessary if other evidence indicates that a particular knife is a deadly weapon. *Dominique v. State*, 598 S.W.2d 285 (Tex. Crim.App.1980). Under the Texas Penal Code, Section 1.07(a)(11)(B) (Vernon 1974) a deadly weapon can be "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." In determining whether a knife fits into this category, the size and shape of the knife, the manner of its use, and verbal statements accompanying its use may all be considered. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983).

In *Dominique v. State, supra,* the court held that one must look to the weapon's use and intended use to determine if it is a deadly weapon. The nature of the inflicted wounds is a factor to be considered but wounds are not a necessary prerequisite for an object to be a deadly weapon. *Denham v. State*, 574 S.W.2d 129 (Tex.Crim. App.1978). *See also Hubbard v. State*, 579 S.W.2d 930 (Tex.Crim.App.1979). In *Denham, supra,* the court also held that the victim, as a lay witness, could testify to the nature of the weapon. The most important criteria was the manner in which the weapon was used.

In *Dominique v. State, supra,* the court held that holding a sharp object to the complainant's neck accompanied by a threat to kill and slashing motions with that instrument was sufficient evidence to sustain a finding that scissors, in the manner of their intended use, constituted a deadly weapon.

■ In the instant case the knife was not recovered, but Mr. Rinkoff described the knife as allowed in *Denham v. State, supra.* Mr. Rinkoff's description was as follows:

The knife was of a brass construction. It appeared to be of dark brown a bone handle on it, the blade approximately 4, 5 inches long.

To say that a four-inch bladed knife, whether it is a pocket knife or some other type, is not a deadly weapon unless an expert so testifies is to strain the bounds of reason. *Denham v. State, supra.*

In our case, considering all the surrounding circumstances, the manner of the knife's threatened use showed that it was capable of causing serious bodily injury or death to either of the Rinkoffs. Mr. Rinkoff testified that after appellant stated, "Give me your billfold or I'll kill you," appellant swung the knife at him seven times while maintaining a choking grasp on Mrs. Rinkoff's neck. We hold that holding the knife near Mrs. Rinkoff's neck accompanied by a threat to kill her husband while making slashing motions with that instrument towards Mr. Rinkoff is sufficient evidence to sustain a finding that the knife, in the manner of its intended use, constituted a deadly weapon. Appellant's first ground of error is overruled.

In his second ground of error appellant asserts that the written charge to the jury contained fundamental error in that it failed to charge on an essential element of aggravated robbery, thereby depriving him of his right to a fair trial. Appellant was charged with two counts of aggravated robbery by using or exhibiting a deadly weapon. Appellant contends that the jury was never specifically instructed, in the paragraphs applying the law to the facts, that appellant could not be convicted of such an offense unless it found that the knife used or exhibited in the robbery was proved to be a deadly weapon. However, the record reflects that on the first page of the charge the court properly defined the term "deadly weapon." The charge set out

the definition of "deadly weapon" as follows:

> "Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. . . .

In the two paragraphs applying the law to the facts of the case, the jury was instructed to find appellant guilty of aggravated robbery if the jury found beyond a reasonable doubt that appellant, while in the course of committing theft, intentionally or knowingly threatened or placed each complainant in fear of imminent bodily injury or death by using or exhibiting a "deadly weapon, namely, a knife."

■ Appellant's claim of fundamental error must be reviewed in light of the standard established in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985, on rehearing). In *Almanza* it is stated that if no objection is made at trial to error in the jury charge and the accused claims that error is fundamental, he will obtain reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. If error in the charge was objected to at trial, then reversal is required if the error is calculated to injure the rights of the defendant. This means an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. With regard to both fundamental error or ordinary reversible error in a jury charge, actual degree of harm must be assayed in light of the entire jury charge, state of the evidence, including contested issues and weight of probative evidence, argument of counsel and any other relevant information revealed by the record as a whole. *Almanza, supra.*

■ In this case there was no objection to the alleged error in the charge. The court properly presented the charge to the jury as one related whole, not as disjointed pieces. It was neither a burden to the jury nor a disadvantage to the appellant for the court to define certain terms at the outset of the charge and then leave it to the jury to apply the definitions where appropriate. Appellant has not shown any error in the charge that was so egregious and so harmful that he did not have a fair and impartial trial.

■ We further add at this point that in our opinion the charge of the court did require the jury to find that the knife used or exhibited by appellant was a deadly weapon before appellant could be found guilty of aggravated robbery. The term "deadly weapon" had been defined properly in the abstract or definitional part of the charge. It was not necessary to define it again in the application part of the charge. We overrule appellant's second ground of error.

In his third ground of error appellant asserts that the conviction must be set aside because of prejudicial argument by the prosecutor improperly urging the jury to cumulate the sentences.

■ During the final argument to the jury at the punishment phase of the trial the prosecutor argued as follows:

> So I am going to ask you not for the minimum and not for the maximum on each case, I am going to ask you for somewhere in the middle. I'm going to ask you for 30 years for the robbery of Mrs. Rinkoff and 30 years on the robbery of Mr. Rinkoff. And because of the way this is worded, if you give him each 30 years, that's not going to accomplish the purpose. I am asking you to give him 60 years on each case so that they will properly be punished and not have the cases concurable. Do you understand what I am saying? I'm asking you that he has to be sentenced to 30 years for each crime; not concurrently, but that he have to spend 30 years for one crime and 30 years for the other, because I think if you put yourself in the places of the Rinkoffs or you put the Rinkoffs in the place of any of your loved ones, that's what you would want to happen. Because you don't want this man to get

back out when he's young and strong enough to climb that extra rung on the ladder and you don't want any of yourselves or any of your friends to be his next victim, and I am telling you that's what's just in this case. I am not asking you for retribution or revenge. I just want justice, and justice dicates that you find that he be placed in the Texas Department of Corrections for 60 years, and that's 30 years for each .of the crimes that he knowingly and blatantly committed.

There was no objection to this argument and it is raised for the first time on appeal. The general rule is that any impropriety in the State's argument is waived by the defendant's failure to make a proper objection. *Romo v. State,* 631 S.W.2d 504 (Tex. Crim.App.1982); *Archer v. State,* 474 S.W.2d 484 (Tex.Crim.App.1972).

 An exception to the general rule occurs where the argument of the prosecutor is so prejudicial that an instruction to disregard will not cure the harm. *Romo v. State, supra.* We have reviewed the argument of the prosecutor and we do not find it to be so highly prejudicial that it could not have been cured by a court's instruction to disregard. *Romo, supra,* at 505–506. Appellant's third ground of error is overruled.

 In his fourth ground of error appellant asserts that the trial court was without jurisdiction to impose judgments of conviction under both counts of the indictment.

Appellant admits that the law is against him on this point and he is right.

The court has jurisdiction to render judgment on each count of the indictment, in this case, under Article 21.24 Tex.Code Crim.Proc.Ann. (Vernon Supp.1986) and Tex.Penal Code §§ 3.01 3.02 and 3.03 (Vernon 1974). *See* also *Drake v. State,* 686 S.W.2d 935 (Tex.Crim.App.1985).

Appellant's fourth ground of error is overruled. Accordingly the judgments of the trial court are affirmed.