David Joseph FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00691–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 2, 1992.

Allen C. Isbell, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, David Joseph Ford, appeals his judgment of conviction for the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). The jury rejected appellant's not guilty plea and found him guilty as alleged in the indictment. The court after finding the enhancement paragraph of the indictment to be true, assessed punishment at twenty-five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings three points of error on his appeal. He asserts that:

1. His conviction should be reversed because the state did not prove that the knife was a deadly weapon.

2. The trial court erred in sustaining a legitimate argument by appellant's counsel, which error was compounded by the trial judge's own comments.

3. The trial court violated article 38.05 V.A.C.C.P. in improperly commenting on the weight of the evidence while erroneously sustaining the state's objection to appellant's legitimate jury argument.

The relevant facts are as follows. Loan Tran testified that on May 30, 1989, she worked at a store called Easy Shop. At about 8:30 a.m., appellant came into the store to make a purchase, but he left because he had no money. He returned several minutes later and jumped over the counter with a knife in his hand. The blade of the knife was pointed, and it was two or two and one-half inches long. Appellant grabbed Tran by the neck and stuck the knife against her back. Tran feared that appellant would hurt her with the knife. She was so frightened that she lost control of her bladder. The only customer in the store ran out.

Appellant demanded that Tran open the cash register. She told him that she would give him the money if he released her. Instead, appellant tightened his grip on her neck and pushed the knife harder against her back in an effort to further frighten her.

Appellant let go of Tran's neck and kept the knife against her back while he tried to open the cash register, but he pushed the wrong button, and it would not open. Tran kept telling him that she would give him money if he released her, but he did not let her go until another customer entered the store. Appellant then ran out from behind the counter. As he reached the door, Tran's husband was entering, but appellant pushed him out of the way and fled. State's Exhibit 2, a picture of Tran's back, shows the scratches Tran received from appellant's knife.

Van Bich Truong, Tran's husband, testified that on the day of the robbery, he was asleep in their apartment next door to the store when he heard his wife screaming. Truong grabbed his gun and ran to the store. Appellant ran from behind the counter and tried to convince Truong that he had not grabbed Tran. Appellant claimed that Tran had refused to give him change. Truong pointed his gun at appellant, but appellant pushed him out of the way and ran out of the store.

T.L. Keen, a detective in the robbery division of the Harris County Sheriff's Office, testified that the kind of knife described by Tran could be a deadly weapon if placed in the kidney area. The scratches on Ms. Tran's back, as shown in State's Exhibit No. 2, and testified to by her were located on her back in the kidney area.

Appellant testified that he went into the Easy Shop to get change for a phone call. After making his phone call, he returned to the store to buy a package of cigarettes. He paid for the cigarettes with a twenty dollar bill, but Tran said that she did not have the correct change. He asked her to return his money, but she told him to wait because her husband had gone to the bank for change. A few minutes later, her husband entered the store, took the gun out of his holster and asked appellant what was happening. When appellant explained the situation to him, he pointed the gun at appellant and told his wife to call the police. Appellant then left the store without his twenty dollars because he was frustrated.

In his first point of error, appellant asserts that the evidence is insufficient to show that his knife was a deadly weapon. In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict. *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App.1990); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984). "[T]he test ... requires us ... to determine whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "[T]he reviewing court is not to position itself as a thirteenth juror in assessing the evidence. Rather, it is to position itself as a final, due process safeguard ensuring only the rationality of the factfinder." *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(11)(B). "[V]irtually any instrument, backed by the requisite malice and intent, is capable of causing death, creating a substantial risk of death, causing serious permanent disfigurement or impairment of bodily function." *Chavez v. State,* 740 S.W.2d 21 (Tex.App.— El Paso 1987, no pet.).

A knife may be a deadly weapon, depending on its size, shape, sharpness, the manner of its use or intended use and its capacity to cause death or serious bodily injury. *Blain v. State,* 647 S.W.2d 293, 294 (Tex.Crim.App.1983). It is not necessary for the knife to have caused any injury in order for it to be a deadly weapon. *Booker v. State,* 712 S.W.2d 853, 856 (Tex.App.— Houston [14th Dist.] 1986, pet. ref'd).

*Tisdale v. State,* 686 S.W.2d 110 (Tex.Crim.App.1984) (op. on reh'g), controls the instant case. In *Tisdale,* the defendant entered a store and carried several items to the cash register as if he was going to make a purchase. When the register opened, he put his hand on the cash tray. The cashier grabbed his hand and told him no, but the defendant replied yes and produced a knife that had a blade two and five-eighths inches in length. The knife remained at arm's length from the victim, but the Court of Criminal Appeals held that the evidence was sufficient to prove the deadly weapon allegation. *Id.* at 115.

In an attempt to distinguish *Tisdale* from the instant case, appellant contends that since he failed to steal any money in the course of the robbery, he did not use the knife as a deadly weapon. However, *Tisdale* does not require the robbery to be a success in order for the deadly weapon finding to withstand appellate review. The amount stolen is irrelevant to the deadly weapon allegation.

In sustaining the deadly weapon finding in *Tisdale,* the Court of Criminal Appeals emphasized that the defendant was within reach of the complainant when he displayed the knife and that she was in fear of death or serious bodily injury. *Id.* at 115. In the instant case, appellant was not only within reach of the complainant, he grabbed her by the neck and held that knife against her back throughout the robbery. He clearly intended for Tran to believe that his knife was capable of producing serious bodily injury or death.

Similarly, in *Booker*, a knife with a blade four or five inches long was found to be a deadly weapon where the defendant held it near the complainant's neck and verbally threatened to kill her husband, who was standing nearby, and the defendant swung the knife towards the husband several times. *Booker*, 712 S.W.2d at 856. Appellant's first point of error is overruled.

■ In appellant's second and third points of error he contends that the trial court erred in sustaining an objection by the prosecutor during closing argument and in making a comment at that time. These points are without merit since the trial judge did not abuse his discretion in sustaining the prosecutor's objection. Further, appellant failed to object to the court's comment, thus waiving any error. Even if the point had not been waived, it is without merit because the trial court's comment was a correct statement of the law, not a comment on the weight of the evidence.

During defense counsel's argument, the following occurred:

[Defense counsel]: Now, the evidence here is not very complicated, and from my standpoint perhaps it's more notable for what it does not include than what it does.

And first off, there is absolutely no corroboration of the version of the story given by Loan Tran. There is no surveillance camera, the customers who allegedly were there, they did not see the part of the confrontation that she described, neither did her husband. So this basically is a one-witness case.

The question, is whether or not her testimony can be accepted at face value or not, is what it boils down to.

*Now among the things that do not corroborate that this was a robbery, of course, there was no loss.* There is no—

[Prosecutor]: Your Honor, I object, that is not an element; loss is not required for it to be corroborated.

[Defense counsel]: I didn't say it was Judge.

[Trial court]: All right.

[Defense counsel]: *If there had been a documentable loss, that would corroborate the robbery; there wasn't any there, was no loss.*

[Prosecutor]: Your Honor, I must again object; that is not an element, that is not necessary to prove this case.

[Defense counsel]: Your Honor, he's going to have a chance to argue his case without arguing mine.

[Trial court]: You don't have to have a loss to have a robbery.

The objection is sustained.

[Defense counsel]: And I'm not saying that you do. The evidence showed there wasn't any, but if that man had tried to get into that cash register, he would have left his prints all over it. But, there is no evidence of that. That wasn't brought to you, and don't you think it would have been?

Appellant contends that his argument was legitimate because "a loss of money could corroborate whether there was a robbery[.]" This argument is without merit since appellant took no money in this case, and no one testified that he did. Therefore, a loss could not corroborate the robbery. While proof of a loss might corroborate a robbery in which the robber succeeded in stealing something, making such an argument in this case implies that without a loss, there was no robbery. Such an argument is a misstatement of the law, and the trial court did not err in sustaining the State's objection.

Defense counsel may not misstate the law in the guise of argument.

The same rules apply to both State and defense counsel. Neither is at liberty to misstate the law. It has often been held that error in argument does not lie in going beyond the court's charge, but in stating law contrary to the same.

*Eckert v. State*, 672 S.W.2d 600, 603 (Tex. App.—Austin 1984, pet. ref'd).

Robbery is defined by TEX.PENAL CODE ANN. § 29.02.

(a) A person commits an offense if, in the course of committing theft ... and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

" 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." Tex.Penal Code Ann. § 29.01. Thus, no loss is required to prove a robbery, and the trial court did not err in sustaining the prosecutor's objection. "In sum, what right does any attorney have to misstate the law to the jury? None." *Eckert*, 672 S.W.2d at 607.

Appellant also complains about the trial court's remark that a loss is not necessary for a robbery. Appellant waived this point because he did not object to the trial court's remark. *Becknell v. State*, 720 S.W.2d 526, 532 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987) (defendant waived error by not objecting to trial court's remark). Even if error had been preserved, this point is without merit.

"To constitute reversible error, the trial court's comment to the jury must be such that it is reasonably calculated to benefit the State or to prejudice the rights of the defendant." *Becknell, supra* at 531. Since the trial court's remark was a correct statement of the law, it could not have prejudiced the defendant or benefitted the State.

Appellant's second and third points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.