William Floyd KENT, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–01132–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 1994.

Robert C. Hunt, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

Appellant entered a plea of not guilty before a jury to an indictment containing two

counts: (1) burglary of a habitation with intent to commit sexual assault, Tex.Penal Code Ann. § 30.02 (Vernon 1989); and (2) aggravated sexual assault. Tex.Penal Code Ann. § 22.021 (Vernon 1989). The jury found him guilty on both counts, and affirmatively answered a special issue as to the use of a deadly weapon in Count Two. After appellant pled true to two enhancement paragraphs, the trial court sentenced him to fifty years imprisonment on each count. In three points of error, appellant challenges the jury's affirmative finding on the use of a deadly weapon, and the trial court's taking into consideration the enhancement paragraphs when sentencing appellant. We affirm.

In the early morning hours of October 8, 1990, the complainant awoke to find a man seated on the edge of the bed where she was sleeping with her two-year-old son. Although the man held an article of clothing and his hand over her eyes, she recognized him as William "Bubba" Kent, the appellant. Appellant tied her hands, pulled out a pocketknife and held it to her throat, telling her if she screamed he would cut her head off or cut her throat. Fearing for her life and the welfare of her child, she stopped struggling. Next, appellant took a pillowcase off a pillow and placed it over her head and secured it around her neck with an extension cord. He then took her into the living room where he sexually assaulted her, after sticking the knife into the back of the sofa. After that assault, he also sexually assaulted her several more times in an adjacent hallway. Finally he left, taking the knife with him. Police called to the scene found that a pane of glass had been removed from a window, apparently allowing appellant to unlock the window and gain entry to the house.

■■■ In his first point of error, appellant contends that there is insufficient evidence from which the jury could have found that the knife he used was a deadly weapon. He argues that the State did not carry its burden to prove that the knife was a deadly weapon in the mode or manner of its use. *See* Tex.Penal Code Ann. § 1.07(11) (Vernon 1974). Count Two of the indictment charged that "the Defendant used and exhibited a

deadly weapon, namely, a knife." The jury not only found appellant guilty of the offense "as charged in count two of the indictment," but also affirmatively answered a special issue as to whether they believed beyond a reasonable doubt that appellant used or exhibited a deadly weapon during the commission of the offense. Generally, the trial court may properly enter an affirmative finding on the use of a deadly weapon when the indictment alleges the use of a deadly weapon, the weapon is deadly per se, or the jury affirmatively answers a special issue on the use of a deadly weapon. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985); *Skinner v. State*, 837 S.W.2d 718 (Tex.App.—Fort Worth 1992, pet. ref'd); *Weaver v. State*, 855 S.W.2d 116, 122 (Tex.App.—Houston [14th Dist.] 1993, no pet.); *but see Ex parte Franklin*, 757 S.W.2d 778 (Tex.Crim.App.1988). However, because a knife is not a deadly weapon per se, the State is required to prove beyond a reasonable doubt that in the manner in which it was used, the pocketknife was capable of causing death or serious bodily injury. *Morgan v. State*, 775 S.W.2d 403, 406 (Tex.App.—Houston [14th Dist.] 1989, no pet.). Appellant claims the evidence is insufficient to support such a finding.

When reviewing sufficiency of the evidence, an appellate court must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993). The court reviewing a sufficiency challenge must look at all the evidence introduced at trial. *Bobo v. State*, 843 S.W.2d 572, 575–76 (Tex.Crim.App.1992); *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim.App.1991).

■■■ Appellant argues that because no evidence was produced that the complainant suffered serious bodily injury, and there was no corroboration of her testimony that she sustained scratches when appellant held the knife to her head, this amounts to failure on the part of the State to prove specific intent on his part to kill or cause serious bodily

injury. Appellant misconstrues the law. Although a knife is not a deadly weapon per se, all the State must show is that through the manner of its use or intended use, a knife is capable of causing death or serious bodily injury. *Ford v. State*, 828 S.W.2d 525, 527 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). This may be accomplished by producing evidence about its size, shape, sharpness, and use or intended use. *Tisdale v. State*, 686 S.W.2d 110, 111 (Tex.Crim.App.1984). The actual knife used need not be introduced into evidence, if a witness is able to testify about the knife and the manner in which it was used. *Odom v. State*, 852 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Barrera v. State*, 820 S.W.2d 194, 196–7 (Tex.App.—Corpus Christi 1991, pet. ref'd). In addition, words or threats spoken by the accused may be considered in determining if the knife is a deadly weapon. *Id.; Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983); *Petrick v. State*, 832 S.W.2d 767, 770 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Booker v. State*, 712 S.W.2d 853, 856 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). If other evidence indicates that the knife used in the offense is a deadly weapon, there is no requirement that the victim sustain any injury. *Id.; Petrick*, 832 S.W.2d at 770; *Ford*, 828 S.W.2d at 527.

■ Here, the complainant testified that appellant took out a knife with a three to four inch blade, held it to her throat, and threatened to cut off her head or cut her throat. Several times in her testimony, she recounted her belief that he was going to kill her, or at least cut her throat or stab her. Later in her testimony, she also described small scratches on her forehead where appellant touched her with the knife. In addition, the emergency room physician who treated her after the rape, testified that from his experience a knife is capable of causing serious bodily injury or death, and that in his opinion a knife is a deadly weapon. We hold that this testimony is sufficient to prove beyond a reasonable doubt that the knife was used in a manner capable of causing death or serious bodily injury. The jury therefore could have rationally found that the knife was a deadly weapon. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in using the first prior conviction alleged in the indictment for enhancement purposes, because the State failed to prove that the conviction was final before the offense leading to the second conviction was committed. Appellant correctly states the rule that if the State alleges two convictions for enhancement purposes, it must prove that the following sequence occurred: (1) the first conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final; and (4) the present offense was committed. *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex.Crim.App.1987).

■ The indictment in this case alleged two enhancement paragraphs. The first was attempted burglary of a habitation, committed in 1983. The second was burglary of a building, committed in 1987. The record contains a penitentiary packet which shows that after the first offense, appellant was placed on deferred adjudication, but in 1985 appellant violated the terms of his probation, and an Order of Adjudication of Guilt, Punishment and Sentence was prepared. Only the first page of this Order is included in the record, and the page which presumably contains the judge's signature is absent. Appellant argues that as a consequence, there is no evidence that the first conviction was final.

However, the record also contains a document entitled "Stipulation of Evidence" in which appellant agrees that he is "the same person *who was convicted*" in the attempted burglary of a habitation (emphasis added). Moreover, appellant pled "true" to the enhancement paragraphs, and twice in his testimony at trial admitted that he was *convicted* in 1985 for the attempted burglary. By pleading "true" to the enhancement paragraphs, appellant removed the burden from the State to prove that the conviction was final. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.) (opinion on reh'g), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). A plea of "true" constitutes sufficient proof to support the finality of an enhancement allegation. *Wilson v. State*, 671 S.W.2d 524, 526 (Tex.Crim.App.1984); *Bon-*

*ner v. State,* 728 S.W.2d 921, 923 (Tex.App.— Houston [1st Dist.] 1987, no pet.). We hold that the evidence was sufficient to establish that the conviction was final, and the trial court did not err in considering the first enhancement paragraph when sentencing appellant. Appellant's second point of error is overruled.

■ In his third point of error, appellant also attacks the trial court's use of the enhancement paragraphs in sentencing. He argues that it was error for the trial court to simultaneously use the same two convictions to enhance both counts in the indictment, citing TEX.PENAL CODE ANN. § 12.46 (Vernon Supp.1994). Section 12.46 provides:

> The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes.

Appellant contends that Section 12.46 should be held to permit the *subsequent,* but not the *contemporaneous* use of the same prior conviction for enhancement. He reasons that because TEX.PENAL CODE ANN. § 12.42 [1] contains a requirement of finality, this indicates the legislative intent to insure that some period of punishment will intervene to provide the convicted individual a chance to avail himself of the deterrent or rehabilitative effects of a prison sentence, and contemporaneous use of enhancement paragraphs will hinder this intent. While this may have been the legislative intent in requiring finality in the conviction to be used for enhancement, the argument has no validity when an individual has prior convictions and is before the court for a subsequent offense, as he obviously has already failed to avail himself of any rehabilitative or deterrent opportunities.

Appellant is apparently asking this Court to interject a finality requirement into Section 12.46 by requiring that the "subsequent" use of an enhancement paragraph follow a "final" prior use. In other words, he asks us to require that an *enhanced* offense be final before the same enhancement paragraph may be used to enhance a second offense tried with the first enhanced offense. This we will not do.

Under Section 12.46, the same prior conviction or convictions may be used to enhance offenses alleged in indictments tried together. *See Villarreal v. State,* 809 S.W.2d 295, 298 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Bonner v. State,* 728 S.W.2d 921, 922 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Cervantes v. State,* 706 S.W.2d 685, 688 (Tex. App.—Houston [14th Dist.] 1986, no pet.). Because offenses may be consolidated into several counts in a single indictment for judicial economy,[2] it follows logically that if it is permissible to use the same prior convictions to enhance offenses in separate indictments tried together, it is also permissible to use the same enhancement paragraphs for separate counts of a single indictment. *See Ellis v. State,* 646 S.W.2d 554, 557 (Tex.App.— Houston [1st Dist.] 1982), *aff'd other grounds,* 683 S.W.2d 379 (Tex.Crim.App. 1984). We therefore hold that the trial court did not err in considering the same enhancement paragraphs when sentencing appellant on each count of the indictment. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

1. The pertinent portion of Section 12.42 states:
 (d) If it be shown on the trial of any felony offense that the defendant has previously been *finally convicted* of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction *having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years. TEX.PENAL CODE ANN. § 12.42 (Vernon Supp.1994) (emphasis added).

2. TEX.CODE CRIM.PROC.ANN. art. 21.24 (Vernon 1989); TEX.PENAL CODE ANN. §§ 3.01, 3.02 (Vernon 1974). *See also* Seth S. Searcy III & James R. Patterson, Practice Commentaries, TEX.PENAL CODE ANN. §§ 3.01–3.03 (Vernon 1974).