**Garcie Cowart FORTENBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–94–00043–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 1, 1994.

Discretionary Review Refused March 22, 1995.

Michael P. Fosher, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Garcie Cowart Fortenberry, appeals his conviction of the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1993).[1] Rejecting his not-guilty plea, the jury found him guilty and the court, finding the enhancement paragraph of the indictment to be true, assessed punishment at forty (40) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On July 26, 1993, appellant entered a Stop N Go store, walked straight to the rear of the counter where the complainant, Hoa Van Nguyen, was working and pulled a knife from his pants pocket. Appellant held the knife point to the complainant's ribs and stated that he wanted money. The complainant opened the cash register, removed the money and was handing it to appellant when Harris County Deputies James Rankin and Londa Johnson drove up. Appellant noticed the deputies' arrival, said "Shit, cop," and ran toward the front door with the knife still in his hand. As Deputy Rankin walked to the front door, the complainant jumped onto the counter, pointed at the appellant, and stated that appellant had tried to rob him. The deputies drew their weapons, ordered appellant to drop the knife, and arrested him.

In two points of error, appellant claims (1) that the evidence was insufficient to uphold his conviction of aggravated robbery; and (2) the state did not prove appellant's knife was, either by design or use, a deadly weapon.

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

In his first point of error, appellant contends the evidence was insufficient to establish that he was in the course of committing theft and had the intent to maintain control of the complainant's property. The standard of review for a sufficiency of evidence point is whether, when viewing the evidence in the light most favorable to the verdict, any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 163 (Tex.Crim.App.1991).

The elements of aggravated robbery are: (1) a person; (2) in the course of committing theft; (3) with intent to obtain or maintain control of the property; (4) knowingly and intentionally; (5) threatens or places another in fear of imminent bodily injury or death; and (6) uses or exhibits a deadly weapon. *Robinson v. State*, 596 S.W.2d 130, 132 (Tex.Crim.App.1980); TEX.PENAL CODE ANN. § 29.03(a)(2). Appellant claims the State failed to prove the third element, namely, that appellant acted with criminal intent.

Appellant contends the State failed to show appellant acted with criminal intent because he didn't actually take any money from the complainant. Appellant claims further that he used the knife only as a tool to open the trunk of his car, and he merely removed the knife from his pocket so he could reach his change to pay for his soft drink. Appellant contends this action was misconstrued by the complainant as being an aggressive act because the "hysterical" complainant had been robbed twelve times in the past. Appellant argues further that the evidence was contradictory as to the details which would distinguish between the innocent removal of a tool from a customer's pocket and a robber reaching for a weapon. However, the jury heard both appellant's and the State's version of the events, and chose to believe the State's account. That is the jury's right. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986); *Smith v. State*, 789 S.W.2d 419, 420 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). If there is evidence which establishes guilt beyond a reasonable doubt and the trier of fact believes the evidence, we cannot reverse on sufficiency of the evidence grounds. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

The State presented evidence to the jury that appellant walked directly to the complainant, put the point of the knife to his ribs, and demanded money. When the deputies arrived, appellant exclaimed "Shit, cop," and ran toward the door. The deputies stated that the appellant still had the knife in his hand as he tried to leave the store. This evidence is sufficient to establish beyond a reasonable doubt that appellant intended to rob the complainant. The jury obviously believed this evidence. The fact that appellant was unable to complete the theft does not negate his criminal intent. *See Hurd v. State*, 704 S.W.2d 539, 540–42 (Tex.App.— Houston [14th Dist.] 1986), *rev'd on other grounds*, 725 S.W.2d 249 (Tex.Crim.App. 1987) (fact that while defendant was robbing a store clerk another employee walked in, defendant put the gun in his pants and walked toward the front door, sufficient to establish defendant was in the course of committing a theft); *Rodriguez v. State*, 745 S.W.2d 572, 573–74 (Tex.App.—Corpus Christi 1988, pet. ref'd) (fact that defendant asked store manager for money while pointing a pistol at him, replaced gun in his pocket when customers walked in and followed customers out of the store, sufficient to establish defendant had intent to commit theft). Appellant's first point of error is overruled.

In his second point of error, appellant contends the State failed to prove the steak knife used was, either by design or use, a deadly weapon. Appellant claims the knife could not be a deadly weapon because, although the deputies testified the knife was a deadly weapon, it was contradicted by the complainant's testimony that appellant put the knife back in his pocket when leaving the store. It is appellant's contention that if a knife fits into a pant's pocket, it cannot be a deadly weapon.

Though a knife is not a deadly weapon *per se*, a knife can be established to be a deadly weapon by showing its size, shape,

sharpness, manner of use or intended use, and its capacity to produce death or serious bodily injury. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983). Appellant's knife was a steak knife with a sharp point, a sharp serrated edge and a blade of over four and one-half inches long and three-fourths inches wide. Appellant held the point to the complainant's ribs and demanded money. Furthermore, the two deputies who arrested appellant testified that the knife was a deadly weapon. We find that appellant's use of the knife shows it to be a deadly weapon. The fact that the complainant testified appellant was able to carry the knife in his pocket does not change its character. *See Kent v. State*, 879 S.W.2d 80, 83 (Tex.App.—Houston [14th Dist.] 1994, no pet.) (evidence sufficient to establish knife was a deadly weapon where defendant held knife with three to four inch blade to victim's throat and threatened to cut off her head or cut her throat); *Ford v. State*, 828 S.W.2d 525, 528 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (evidence sufficient to establish knife was a deadly weapon where defendant stuck knife with two to two-and-a-half inch blade against victim's back); *Booker v. State*, 712 S.W.2d 853, 856 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (evidence sufficient to establish knife was a deadly weapon where defendant held knife with a four to five inch blade near victim's neck, threatened to kill victim's husband and made slashing motions with knife). *See also Hughes v. State*, 787 S.W.2d 193, 194–95 (Tex.App.—Corpus Christi 1990, pet. ref'd) (introduction of knife into evidence, together with two police officers' expert testimony that knife was deadly weapon, sufficient to support jury finding that knife was deadly weapon). Appellant's second point of error is overruled. Accordingly, the judgment of the trial court is affirmed.