TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00826-CR






Bobby Ray Lewis, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,677, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






 A jury convicted appellant, Bobby Ray Lewis, of the offense of aggravated robbery. 
See Tex. Penal Code Ann. § 29.03 (West 1994). The trial court sentenced appellant to twenty
years in the Texas Department of Criminal Justice Institutional Division. We will affirm the
judgment of conviction.


BACKGROUND

 On the evening of June 7, 1997, Joe Fraga left Binky's bar, approximately a block
and a half from the Temple Police Department, and began walking to another bar located three
blocks away. As he walked under an overpass, he was approached by appellant and another male,
Tory Hooker. When Fraga refused appellant's request for a light and continued walking, appellant
called to him. Fraga turned around to see what appellant wanted, and appellant threw a rock at
Fraga's head. Fraga moved and avoided the blow. Appellant and Fraga then began struggling
with each other, and both men fell on the road. During the ensuing struggle, Fraga's wallet fell
out of his pocket. Appellant seized the wallet and began walking toward Hooker, who had
watched the events from a distance.

 Three Temple police officers were subsequently dispatched to the scene and
apprehended appellant and Hooker. Shortly thereafter, Fraga positively identified appellant as the
assailant and Hooker as his companion.

 Appellant was indicted for aggravated robbery, to which he pleaded not guilty. The
jury convicted him, and the trial court imposed sentence. Appellant now appeals his conviction. 
In a single point of error, appellant complains that the evidence was factually insufficient to
support the jury's verdict.


STANDARD OF REVIEW

 When conducting a factual sufficiency review, the appellate court does not view the
evidence in the light most favorable to the prosecution. Rather, all of the evidence is considered
equally. See Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). The
court, however, does not substitute its judgment for that of the jury, and should set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). The appellate court
may not reverse a jury's decision simply because it disagrees with the result. See Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

DISCUSSION

 A person commits the offense of robbery if, in the course of committing theft and
with the intent to obtain or maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death. See Tex. Penal Code Ann.
§ 29.02(a)(2) (West 1994). The offense becomes aggravated if the person uses or exhibits a
deadly weapon during the commission of the robbery. See Tex. Penal Code Ann. § 29.03(a)(2)
(West 1994).

 In his single point of error, appellant argues that the evidence adduced at trial was
factually insufficient to establish that the rock used in the commission of this crime was a deadly
weapon. In support of this argument, appellant directs this Court to various parts of the record
in an attempt to show that the rock was not intended to be so used. Appellant points to the fact
that Fraga was able to dodge the rock, and that Fraga never testified that the use of the rock caused
him to fear injury or death. The thrust of appellant's argument is misplaced. The State need not
prove the actor's subjective intent in order to prove that a weapon is "deadly." Though the
intended use of an object may evidence its deadly character, it is enough to prove that the object,
in the manner used, was capable of causing death or serious bodily injury. See Tex. Penal Code
Ann. § 1.07(a)(17)(B) (West 1994); see also Ford v. State, 828 S.W.2d 525, 527 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd).

 The rock, which was really a large piece of concrete or hardened cement, was
entered into evidence. Fraga testified that appellant threw the rock at his head from a distance of
five to twelve feet. Though Fraga avoided the blow, he testified that the rock came close to hitting
his head. Hooker corroborated Fraga's description of the events and testified that the rock missed
Fraga's head by only one-half inch. Furthermore, the arresting officer, Cynthia Harnes, testified
that based on her training and experience, a rock of this size, thrown from the distance and in the
manner employed by appellant, is capable of causing serious bodily injury or death. (1) We conclude
that a reasonable jury could have found that the rock was a deadly weapon based on the evidence
presented in the case. Accordingly, after reviewing all of the evidence equally, we hold that the
verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong or
unjust.


CONCLUSION

 Having determined that the evidence is factually sufficient to support the jury's
verdict, we overrule appellant's single point of error and affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 22, 1998

Do Not Publish
1. Though appellant argues in his brief that the testimony of Officer Harnes is insufficient to
support the verdict, it does not stand alone. Appellant objected to her testimony at trial on the
basis that the State had failed to lay a proper predicate for her opinion. Since appellant's objection
was overruled, and appellant has failed to challenge this on appeal, we must consider her
testimony along with all of the other evidence produced at trial.



EW

 When conducting a factual sufficiency review, the appellate court does not view the
evidence in the light most favorable to the prosecution. Rather, all of the evidence is considered
equally. See Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). The
court, however, does not substitute its judgment for that of the jury, and should set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). The appellate court
may not reverse a jury's decision simply because it disagrees with the result. See Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

DISCUSSION

 A person commits the offense of robbery if, in the course of committing theft and
with the intent to obtain or maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death. See Tex. Penal Code Ann.
§ 29.02(a)(2) (West 1994). The offense becomes aggravated if the person uses or exhibits a
deadly weapon during the commission of the robbery. See Tex. Penal Code Ann. § 29.03(a)(2)
(West 1994).

 In his single point of error, appellant argues that the evidence adduced at trial was
factually insufficient to establish that the rock used in the commission of this crime was a deadly
weapon. In support of this argument, appellant directs this Court to various parts of the record
in an attempt to show that the rock was not intended to be so used. Appellant points to