Affirmed and Memorandum Opinion filed December 31, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00015-CR

___________________

 

Jesse Charles Aught, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 179th District Court

Harris County,
Texas



Trial Court Cause No. 1161578

 



 

 

MEMORANDUM OPINION

            Appellant Jesse Charles Aught appeals his conviction
for aggravated assault with a deadly weapon, challenging the legal and factual
sufficiency of the evidence to show he used a deadly weapon.  Appellant also
challenges the legal sufficiency of the evidence in rejecting his claim of
self-defense.  We affirm.

I.         Factual
and Procedural Background

A police officer responded to a dispatch call
involving a man who had been cut by another person.  At the scene, the officer
observed the complainant receiving treatment from paramedics.  The responding
officer learned that appellant had cut the complainant with a knife in an
altercation that occurred under a downtown bridge.  Although appellant was not
on the scene at the time, the officer located and arrested appellant later that
evening.  The officer did not recover any knives from the scene or from appellant.

Appellant was charged by indictment with the offense
of aggravated assault, to which he pleaded “not guilty.”  Appellant waived a
trial by jury and chose the trial court as the finder of fact. 

At trial, the complainant testified that at the time
of the incident, he was homeless and lived under a bridge in downtown Houston. 
According to the complainant, he knew appellant and the two had a previous
misunderstanding over cigarettes.  On the night in question, the complainant saw
appellant under another nearby bridge.  The complainant saw appellant use his
hands to motion for the complainant to visit and indicated that the
complainant’s radio was too loud.  The complainant walked over to meet
appellant.  According to the complainant, without saying anything more,
appellant “stuck” him in his stomach with a rusty knife.  The complainant testified
the knife was approximately fifteen inches long and used his hands to show the
length of the knife.  On cross-examination, however, the complainant admitted that
he had not seen the knife.  The complainant testified that a friend notified
authorities, and he received treatment for the injuries at a hospital. 

The complainant’s medical records, which were
admitted into evidence at trial, reflect that the complainant suffered two
lacerations of unknown depth.  As reflected in the records, the complainant
told medical responders that he was stabbed with a six-inch knife.

Appellant testified that he knew the complainant from
a previous dispute over money for a sandwich.  According to appellant, the
complainant was hysterical.  Appellant claimed that the area around the bridge
caused him to be afraid of people.  Appellant testified that the complainant and
two other men acted aggressively toward him on the morning of the incident when
the complainant asked for help lighting his cigarette; in this instance,
appellant claimed to have scared the complainant away by using profanity.  Appellant
testified that later that evening, under the bridge, he encountered the
complainant.  Appellant testified that he held a small pocketknife with a blade
that measured an inch or an inch and one half.  Appellant testified that he was
scared of the complainant because he feared the complainant would “con” him out
of money.  He testified that the complainant moved “casually” toward him. 
Appellant claimed to have made a “sticking” motion with the open knife. 
Appellant testified that after the complainant left the scene, appellant hoped
he had not killed the complainant.

The trial court found appellant guilty as charged and
sentenced him to five years’ confinement.  Appellant now challenges the legal
and factual sufficiency of his evidence to support his conviction.

II.        Standards of Review

In evaluating a legal‑sufficiency challenge, we
view the evidence in the light most favorable to the verdict.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is
not whether we, as a court, believe the State’s evidence or believe that
appellant’s evidence outweighs the State=s
evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported by
proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The trier of fact, “is the sole judge of the
credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The trier of
fact may choose to believe or disbelieve any portion of the witnesses’
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact resolved
conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d
43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt, we
must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.
1997).

In contrast, when evaluating a challenge to the
factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether we are able to say, with some objective basis in the
record, that a conviction is “clearly wrong” or “manifestly unjust” because the
great weight and preponderance of the evidence contradicts the verdict.  Watson
v. State, 204 S.W.3d 404, 414B17
(Tex. Crim. App. 2006).  It is not enough that this court harbor a subjective
level of reasonable doubt to overturn a conviction that is founded on legally
sufficient evidence, and this court cannot declare that a conflict in the
evidence justifies a new trial simply because it disagrees with the fact
finder’s resolution of that conflict.  Id. at 417.  If this court
determines the evidence is factually insufficient, it must explain in exactly
what way it perceives the conflicting evidence greatly to preponderate against
conviction.  Id. at 414B17. 
Our evaluation should not intrude upon the fact finder’s role as the sole judge
of the weight and credibility given to any witness=s testimony.  See Fuentes, 991 S.W.2d
at 271.  In conducting a factual‑sufficiency review, we discuss the
evidence appellant claims is most important in allegedly undermining the jury=s verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

III.      Analysis

A.        Is the evidence legally and factually sufficient to
support a finding that appellant used a deadly weapon in the commission of the
assault?

In his second and third issues, appellant asserts
that the evidence is legally and factually insufficient to show that appellant
used a deadly weapon in the commission of the offense of aggravated assault.  

A person commits the offense of assault if that person
intentionally, knowingly, or recklessly causes bodily injury to another.  Tex. Penal Code Ann. § 22.01(a)(1)
(Vernon Supp. 2009).  The offense becomes aggravated assault if the person
committing the assault uses a deadly weapon during the commission of the
assault.  Tex. Penal Code Ann. §
22.02(a)(2) (Vernon Supp. 2009).  A deadly weapon is defined as “a firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury” or “anything that in the manner of its use of
intended use is capable of causing death or serious bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17)
(Vernon Supp. 2009). 

A knife is not a deadly weapon per se or by design.  See
Thomas v. State, 821 S.W.2d 616, 619, 620 (Tex. Crim. App. 1991).  A knife
becomes a deadly weapon if its use or intended use renders it capable of
causing death or serious bodily injury.  See Tex. Penal Code Ann. § 1.07(a)(17)(B); McCain v. State,
22 S.W.3d 497, 503 (Tex. Crim. App. 2000).  

Whether a particular knife is a deadly weapon by
design, a deadly weapon by usage, or not a deadly weapon at all depends on the
evidence of each individual case.  Thomas, 821 S.W.2d at 620.  We
consider whether there is sufficient evidence to show that the actor used the
knife or intended to use the knife in such a way that it was “capable of
causing death or serious bodily injury.”  Alvarez v. State, 566 S.W.2d
612, 614 (Tex. Crim. App. 1978).  Factors considered in determining whether a
knife is a deadly weapon in its use or intended use include (1) the dimensions
of the knife, (2) the manner of its use or intended use, (3) the nature or
existence of inflicted wounds, and (4) the testimony of the knife’s
life-threatening capabilities, if used.  Thomas, 821 S.W.2d at 619. 
Other surrounding circumstances as to the knife’s usage are relevant, such as
any threats made by the accused, the distance between the accused and the
complainant, and any witness’s description of the knife.  Wade v. State,
951 S.W.2d 886, 892 (Tex. App.—Waco 1997, pet. ref’d).  There is no requirement
that the complainant sustain any injury in order to find that the knife was a
deadly weapon.  Ford v. State, 828 S.W.2d 525, 527 (Tex. App.—Houston
[14th Dist.] 1992, pet. ref’d).

In this case, responding officers did not recover a
knife from the scene, and the record contains varying descriptions about the
size of the knife appellant used.  The complainant’s medical records suggest
that the complainant told emergency responders that the knife was six inches
long.  At trial, the complainant motioned with his hands and testified that the
rusty knife was about fifteen inches long; however, the complainant also
acknowledged on cross-examination that he had not seen the knife.  Appellant admitted
possessing a knife that he described as a small pocketknife with a one to one-and-one-half
inch blade.  The trial judge was the sole trier of fact and, as such, was the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.  See Mattias v. State, 731 S.W.2d 936, 940 (Tex.
Crim. App. 1987).  In this capacity, the trial judge is authorized to accept or
reject any or all of the witnesses’ testimony.  Id.  When faced with
conflicting evidence, we presume that the trier of fact resolved conflicts in
favor of the prevailing party.  See Turro, 867 S.W.2d at 47.  

The responding officer testified that a knife is
considered a deadly weapon because it can cause bodily injury or death.  The
officer confirmed at trial that a knife that is stabbed in a person’s stomach
can cause injury or death.  The complainant testified that the men were about
one foot apart when the incident occurred.  The complainant testified that
appellant “stuck” him in the stomach; similarly, appellant described his
actions as a “sticking motion.”  The complainant testified that the knife left
a hole in his shirt and that he was bleeding.  The complainant testified that
he “felt death” after he was stabbed, and appellant testified that following
the incident, he expressed hope that he had not killed the complainant.  The
medical records reflect that the complainant was stabbed twice.  The
complainant’s testimony as to the manner in which appellant used the knife and
the complainant’s medical records describing his wounds support a finding that
the knife was a deadly weapon.  See Thomas, 821 S.W.2d at 619; see
also Wade, 951 S.W.2d at 892 (providing that surrounding circumstances,
including distance between the accused and the complainant, verbal threats, and
any witness description of the knife are relevant to a deadly-weapon finding).

Viewing the evidence in the light most favorable to
the verdict, we conclude a rational trier of fact could have concluded the
knife appellant used to stab the complainant was a deadly weapon.  See
McDuff, 939 S.W.2d at 614; Ford, 828 S.W.2d at 526–27 (holding that evidence
was sufficient to establish that knife with blade that was two-and-one-half
inches long was a deadly weapon).  Moreover, the record shows that the
finding of a deadly weapon is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong or unjust.  Accordingly, we conclude the
evidence is legally and factually sufficient to sustain appellant’s
conviction.  We overrule appellant’s second and third issues.

B.        Is the evidence legally sufficient to reject appellant’s
claim of self-defense?

            In his
first issue, appellant challenges the legal sufficiency of the evidence to
support his conviction for aggravated assault, claiming that the State did not
disprove appellant’s affirmative defense of self-defense.  According to
appellant, he acted in self-defense because he feared the complainant would
steal his belongings or hurt him. 

            A person is
justified in using force against another person when and to the degree he
reasonably believes the force is immediately necessary to protect himself
against the other person’s use of or attempted use of unlawful force.  See
Tex. Penal Code Ann. § 9.31(a)
(Vernon Supp. 2009).  A person has the right to defend against a reasonable
appearance and apprehension of apparent danger to the same extent as actual
danger.  Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984).  

            An accused bears
the burden of proving his claim of self-defense by a preponderance of the
evidence by producing some evidence in support of that claim.  Saxton v.
State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); see Tex. Penal Code Ann. § 2.04(d) (Vernon 2003). 
Once the accused produces such evidence, the burden of persuasion falls upon
the State to disprove evidence of the defense.  Id. at 913–14.  The
State’s burden of persuasion is not one that requires the production of
evidence; rather, it requires only that the State prove its case beyond a
reasonable doubt.  Id. at 913.  The issue of self-defense is a fact
issue for the fact finder and a verdict of “guilty” is an implicit finding
rejecting an accused’s self-defense theory.  Id. at 913–14.  After
viewing all of the evidence in the light most favorable to the prosecution, we
consider whether any rational trier of fact would have found the essential
elements of the offense beyond a reasonable doubt and also would have found
against appellant on the self-defense issue beyond a reasonable doubt.  Id. at
914.  

            The record
reflects that the complainant testified that appellant stabbed him with a knife
without any further words, threat, or provocation.  The officer testified that
a knife used to stab a person in the stomach, as in this case, can be a deadly
weapon.  The complainant’s medical records show that he sustained two
lacerations of unknown depth.  Viewing the evidence in the light most favorable
to the verdict, a rational trier of fact reasonably could have concluded beyond
a reasonable doubt that appellant committed aggravated assault against the
complainant.  See Yarborough v. State, 178 S.W.3d 895, 903 (Tex.
App.—Texarkana 2005, pet. ref’d) (concluding evidence was legally and factually
sufficient to support determination that an accused committed aggravated
assault).

            Contrary to
appellant’s contention, the evidence does not establish that appellant was
reasonable in believing that the use of force was necessary to protect himself
from the complainant.  See id. at 904.  Appellant presented no
evidence that the complainant threatened him with any amount of force or
provoked him at the time of the incident.  See id.  Appellant testified
at trial that the complainant walked toward him in a casual manner and did not
“square off.”  Although appellant testified that he feared the
complainant would hurt him or steal his belongings, an accused’s testimony
alone will not conclusively prove self-defense as a matter of law.  See
Denman v. State, 193 S.W.3d 129, 133 (Tex. App.—Houston [1st Dist.] 2006,
pet. ref’d).  Appellant characterizes the complainant’s testimony as confusing
and disjointed and asks this court to contrast the complainant’s testimony with
appellant’s testimony that he feared for his safety and property.  It is the
fact finder’s role to evaluate the defense evidence and accept or reject it.  See
Saxton, 804 S.W.2d at 914.  By finding appellant guilty, the trial judge
implicitly rejected appellant’s self-defense theory and necessarily chose not
to believe appellant’s testimony.  See id.  

Under the applicable standard of review and based on
the evidence adduced at trial, a rational trier of fact could conclude beyond a
reasonable doubt that appellant committed the offense of aggravated assault and
also could have found against appellant on the self-defense issue.  See id.;
Yarborough, 178 S.W.3d at 904.  Accordingly, the evidence is legally
sufficient to support appellant’s conviction for aggravated assault.  See Yarborough,
178 S.W.3d at 904.  Therefore, we overrule appellant’s first issue.

            Having
overruled appellant’s three issues, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel
consists of Justices Frost, Boyce, and Sullivan.

Do Not Publish —
Tex. R. App. P. 47.2(b).