Petition for Writ of Mandamus Denied
and Memorandum Opinion filed April 22, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00287-CR

____________

 

IN RE WILLIAM F. KENT, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



MEMORANDUM
OPINION

            On April 2, 2010, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator asked this
court to compel the Honorable Kevin Fine, presiding judge of the 177th District
Court of Harris County to release the results of DNA testing purportedly
performed in cause numbers 601019 and 577703.

            Relator was convicted in 1992 of burglary of a habitation
with intent to commit sexual assault and aggravated sexual assault.  Kent v.
State, 879 S.W.2d 80, 82 (Tex. App.—Houston [14th Dist.] 1994, no pet.).  Relator
claims he filed a motion for DNA testing in those cases in 2004, but that the
trial court have failed to provide him with the results of that testing. 

To be entitled to mandamus relief, a relator must demonstrate
that the trial court clearly abused its discretion, and that relator has no adequate
remedy by appeal. In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403
(Tex.2007).  Consideration of a motion properly filed and before a trial court
is ministerial.  White v. Reiter, 640 S.W.2d 586, 594 (Tex. Crim. App.
1982).  A district court may be compelled via mandamus to consider and rule on
a pending motion presented to the court.  In re Christensen, 39 S.W.3d
250, 251 (Tex. App.—Amarillo 2000, orig. proceeding).  However, a trial court
cannot be found to have abused its discretion until the complainant establishes
that the court (1) had a legal duty to perform a non-discretionary act, (2) was
asked to perform the act, and (3) failed or refused to do so.  O=Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992).

In this case, relator has filed no record in connection with
his petition for writ of mandamus.  Therefore, the court cannot determine
whether a motion for DNA testing was filed, whether DNA testing was conducted,
nor whether the trial court refused to disclose the results of any testing. 
Therefore, relator failed to establish that the trial court was asked to
perform a ministerial act, or that the court failed or refused to do so.

Accordingly, we deny the petition for writ of mandamus.

 

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Anderson, Frost, and Seymore.

Do Not
Publish — Tex. R. App. P. 47.2(b).