

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00389-CR

**JOSEPH METCALFE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 45194-CR

## MEMORANDUM OPINION

Appellant, Joseph Metcalfe, was convicted of two counts of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). In one issue, Metcalfe challenges the sufficiency of the evidence supporting his convictions. We affirm.

### Background

On August 18, 2017, Metcalfe grabbed the buttocks of a shopper at a Walmart store in Waxahachie, Texas. After the shopper yelled for help, Metcalfe left the store. In

response to the shopper's yelling, two other Walmart shoppers, Juan Ochoa and Stanley Robinson, pursued Metcalfe.

Ochoa was ahead of Robinson in the pursuit of Metcalfe into the Walmart parking lot. Metcalfe told Ochoa to "get away" and that he was "strapped." Ochoa continued to pursue Metcalfe. Metcalfe responded by lifting his shirt to show Ochoa something shiny in his waistband. Based on his experience, Ochoa believed that the shiny object in Metcalfe's waistband was a knife. At this point, Ochoa discontinued his pursuit of Metcalfe because he did not want to get hurt. Ochoa walked back to the Walmart store and passed Robinson, who was also in pursuit of Metcalfe. Ochoa warned Robinson to "watch out" and "the guy had a knife."

Despite this warning, Robinson continued to pursue Metcalfe. Metcalfe turned around and brandished a knife in one hand and, with his other hand, extended his middle finger to Robinson. Metcalfe then told Robinson: "You're threatening me. I'm a concealed carrier. When I get to my truck, you're going to get it." Robinson, believing that he could be seriously injured, stopped pursuing Metcalfe.

Metcalfe was indicted for two counts of aggravated assault as to Robinson (Count I) and Ochoa (Count II) by the use or exhibition of a deadly weapon—a knife. After a jury trial, Metcalfe was convicted of the charged offenses, and the jury assessed his punishment at eight years' incarceration for Count I and two years' incarceration for Count II. The trial court certified Metcalfe's right of appeal.

**Analysis**

In his sole issue on appeal, Metcalfe contends that the evidence is insufficient to support his convictions for aggravated assault against Robinson and Ochoa. We disagree.

**STANDARD OF REVIEW**

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the

incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person commits aggravated assault if the person commits assault and the person "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2). An assault occurs when a person "intentionally or knowingly threatens another with imminent bodily injury . . . ." *Id.* § 22.01(a)(2). Metcalfe takes issue with whether Robinson or Ochoa were threatened with imminent bodily injury and whether the knife allegedly used constituted a deadly weapon.

**EVIDENCE OF AN IMMINENT THREAT**

We first address Metcalfe's contention that there is not sufficient evidence that he threatened Robinson and Ochoa with "imminent" bodily injury. Although the Texas Penal Code does not define "imminent," the Court of Criminal Appeals has defined the term to mean "ready to take place, near at hand, impending, hanging threateningly over

one's head, menacingly near." *Garcia v. State*, 367 S.W.3d 683, 689 (Tex. Crim. App. 2012); *Devine*, 786 S.W.2d at 270. Thus, "imminent" bodily injury requires a threat of present, rather than future harm. *Devine*, 786 S.W.2d at 270.

In the instant case, Ochoa testified that, while he pursued Metcalfe from approximately six feet behind, Metcalfe turned around and threatened that he was "strapped." Metcalfe then showed Ochoa a shiny weapon that Ochoa believed to be a knife. Ochoa stopped pursuing Metcalfe at this point because he did not want to get hurt.

Furthermore, Robinson testified that, during the pursuit, Metcalfe brandished a knife, flipped off Robinson, and stated that he is a "concealed carrier. When I get to my truck, you're going to get it." Robinson believed that he could be seriously injured and, thus, stopped pursuing Metcalfe.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the evidence is sufficient to support the jury's determination that Metcalfe threatened Robinson and Ochoa with imminent bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a)(2); *Garcia*, 367 S.W.3d at 689; *Devine*, 786 S.W.2d at 270; *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. 2788-89; *Zuniga*, 551 S.W.3d at 732-33.

## A KNIFE AS A DEADLY WEAPON

With respect to Metcalfe's second contention regarding the deadly-weapon element, we note that a "knife" is defined as "any bladed hand instrument that is capable of inflicting serious bodily injury or death by cutting or stabbing a person with the

instrument." TEX. PENAL CODE ANN. § 46.01(7). The Court of Criminal Appeals has held that a knife is not a per se deadly weapon. *See Robertson v. State*, 163 S.W.3d 730, 732 (Tex. Crim. App. 2005); *see also Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). Generally describing an object "as a 'knife' does not by itself establish the object as a deadly weapon by 'design' because many types of knives have an obvious other purpose (e.g., butcher knives, kitchen knives, utility knives, straight razors, and eating utensils)." *Robertson*, 163 S.W.3d at 732. Other types of knives, such as "[b]ayonets, scimitars, and various kinds of swords," are deadly by design "because they are designed to cause death." *Id.*

Whether a particular knife is a deadly weapon by design, a deadly weapon by usage, or not a deadly weapon at all depends on the evidence. *Thomas*, 821 S.W.2d at 620; *see Brown v. State*, 716 S.W.2d 939, 947 (Tex. Crim. App. 1986). When determining the deadliness of a weapon, the jury may consider all of the facts of a case. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). In our review of the evidence, we consider the following factors: (1) the size, shape, and sharpness of the blade; (2) the manner of its use or intended use; (3) its capacity to produce death or serious bodily injury; (4) the physical proximity of the parties; (5) the nature of any wounds inflicted; and (6) any words spoken by the assailant, such as threats. *Brown*, 716 S.W.2d at 946-47; *see Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017). "These, however, are just factors used to guide

a court's sufficiency analysis; they are not inexorable commands." *Johnson*, 509 S.W.3d at 323.

Additionally, the State need not introduce expert testimony to establish the deadly nature of a knife, although such evidence could be useful. *Denham v. State*, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978). Moreover, there is also no requirement that the victim sustain any injury. *Ford v. State*, 828 S.W.2d 525, 527 (Tex. App.-Houston [14th Dist.] 1992, pet. ref'd); *see Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008) (noting that the blade need not actually have caused any injuries for it to be considered a deadly weapon).

Here, the State's evidence demonstrates that Metcalfe threatened that he was "strapped" with a weapon, told Ochoa to "get away," and then showed Ochoa what Ochoa believed to be a knife when the two were approximately six feet apart. Based on his familiarity with weapons, Ochoa recounted that the knife in Metcalfe's waistband was shiny, skinny, and resembled a fish-fillet knife without a point. Ochoa discontinued his pursuit of Metcalfe at this point because he was scared of "[g]etting hurt or starting a fight or something because I didn't know him."

Robinson testified that Metcalfe brandished a knife and flipped him off when the two were approximately ten feet apart. Robinson recalled that the knife Metcalfe brandished was silver in color and about four to five inches long, longer than Metcalfe's middle finger. Metcalfe then threatened Robinson by stating that he is "a concealed carrier. When I get to my truck, you're going to get it."

As shown above, neither Ochoa nor Robinson testified that the knife Metcalfe used was sharp. However, even a dull knife can be considered a deadly weapon if the knife is used in conjunction with "threats and gestures" that cause the complainant to fear serious bodily injury or death. *See Williams v. State*, 732 S.W.2d 777, 779 (Tex. App.—Corpus Christi 1987, no pet.) (concluding that a "butter knife" with a "rounded tip" was a deadly weapon based on its usage). Furthermore, the evidence demonstrates that Metcalfe was only six feet from Ochoa and ten feet from Robinson when he showed or brandished the knife and made threats or menacing gestures, which did not diminish Metcalfe's capability of using the knife to cause serious bodily injury or death to Ochoa and Robinson. *See Brown*, 716 S.W.2d at 946-47; *Hatchett v. State*, 930 S.W.2d 844, 848-49 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *see also Alexander v. State*, No. 10-10-00279-CR, 2012 Tex. App. LEXIS 3125, at *9 (Tex. App.—Waco Apr. 18, 2012, pet. ref'd) (mem. op., not designated for publication) (rejecting an argument that, because the defendant and the victim were twenty feet apart, the knife used could not be considered a deadly weapon).

Given the descriptions of the knife by Ochoa and Robinson, as well as the testimony regarding Metcalfe's menacing threats and gestures and his use or intended use of the knife, the jury could have reasonably inferred that Metcalfe used the knife to threaten to cause serious bodily injury to Ochoa and Robinson had they decided to continue the pursuit. *See Johnson*, 509 S.W.3d at 324 ("A jury could have also reasonably

inferred from Kimp's threats, his proximity to Amelia, and the brandishing of the knife, that the manner in which he used the knife, or intended to use the knife, rendered it capable of causing serious bodily injury or death."); *see also Billey v. State*, 895 S.W.2d 417, 422 (Tex. App.—Amarillo 1995, pet. ref'd) ("[E]vidence is sufficient if a knife is capable of causing death or serious bodily injury or if it is displayed in a manner conveying an express or implied threat that serious bodily injury or death will be inflicted if the desire of the person displaying the knife is not satisfied."). Therefore, viewing the evidence in the light most favorable to the jury's verdict, a rational jury could have found beyond a reasonable doubt that the knife used by Metcalfe in the commission of these offenses was a deadly weapon.[1] *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Zuniga*, 551 S.W.3d at 732-33; *Thomas*, 821 S.W.2d at 620; *Brown*, 716 S.W.2d at 946-47; *see also Johnson*, 509 S.W.3d at 324. We overrule Metcalfe's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

---

[1] In arguing that the evidence is insufficient to establish that the knife he used was a deadly weapon, Metcalfe relies on two decisions from the Court of Criminal Appeals. *See Davidson v. State*, 602 S.W.2d 272, 274 (Tex. Crim. App. 1980); *Alvarez v. State*, 566 S.W.2d 612, 614 (Tex. Crim. App. 1978). However, both *Davidson* and *Alvarez* are distinguishable from the case at bar. In *Davidson*, although many of the facts are similar, the evidence established that the length of the blade was two-and-a-half to three inches, which is approximately half the size of the knife used by Metcalfe. 602 S.W.2d at 274. In *Alvarez*, the State did not present any testimony about the size of the knife's blade. 566 S.W.2d at 614. This is important because the complainant did not suffer any wounds and the only other evidence the Court of Criminal Appeals appeared to consider was that the complainant thought the knife was sharp and that he was in fear of serious bodily injury or death when the knife was brandished. *Id.* And perhaps more importantly, the Court of Criminal Appeals held more recently in *Johnson* that a knife with a blade "a couple of inches long" was a deadly weapon when brandished at victims while threatening them to "get back." *Johnson v. State*, 509 S.W.3d 320, 324 (Tex. Crim. App. 2017).

MATT JOHNSON
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed September 29, 2021
Do not publish
[CR25]

